JAMES CLEMENS, Jr. vs. R. T. BROWN, Sr., & R. T. BROWN, Jr.

When an execution is sued out upon a judgment within a year, another execut'on may issue at any time, without a *s i. fa.*

James Clemens, Jr. vs. Brown, Sr. and Brown, Jr.

APPEAL from Perry Circuit Court.

COLE, for Appellant.

It will be contended on the part of the appellant:

1. That the order of James Clemens, endorsed on the original execution, was a *supersedeas* to that execution, and that by the seizure under that execution, no property of defendants was altered. 1 Mo. Rep. 154, Brown vs. the sheriff of Cape Girardeau.

2. It will be contended that there is in the present case, and in a *supersedeas* on a writ of error, a strict analogy. See Bac. Ab., title Execution, letter Q.

3. That although the sheriff is bound to obey the exigency of the writ, yet the plaintiff, if he choose, may control the same, provided such control is not injurious to the rights of defendant.

4. That a *venditioni exponas* in this case, would have been useless, as there was nothing to sell.

5. That the *alias* execution awarded, was the legal and only available means by which Clemens could collect his debt, and therefore erroneously quashed.

6. A *scire facias* to revive was not necessary in this case, before the *alias* execution issued. Douzman vs. Potter, 1 Mo. Rep. 518; Lindell vs. Benton & Kennery, 6 Mo. Rep. 361.

SCOTT, J., delivered the opinion of the Court.

Clemens having recovered a judgment against Brown on the 27th March, 1840, issued execution thereon on the 30th of the same month, which, after having been levied, was, by order of Clemens, returned with the following endorsement, "the sheriff will return the above execution staid by my order," James Clemens, Jr.

Afterwards, on the 8th August, 1845, another execution issued on the same judgment, which being again levied, Brown moved to quash it. Among the various causes assigned for that motion, that only will be noticed, which we suppose influenced the court, viz: that from the lapse of time between the first and second execution, the presumption of payment arises, and no other execution could issue without a *scire facias*. The motion to quash was sustained, and Clemens appealed to this court.

If a *fi. fa.* or *elegit* be sued, and no execution be had thereon, there

may be another *fi. fa.* or *elegit* several years after, without a *scire facias*, if continuances are entered from the first *fi. fa.* or *elegit*. So if a *fi. fa.* be taken out within the year, and *nulla bona* returned and continued down several years, a *capias ad satisfaciendum*, may issue without a *scire facias*. 6 Bac. 107.

The same law is declared in Aires vs. Hardass, 1 Strange 100.

The foregoing doctrine is recognized by this court in the case of Dowsman vs. Potter, 1 Mo. Rep. 368; and it was moreover declared that the entry of the continuances was unnecessary.

The other Judges concurring, the judgment will be reversed.